IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL HARDWICK, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-CV-665-O-BL |
| | § § | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* to consider Plaintiff's failure to prosecute his claims and failure to comply with the Court's orders, entered November 9, 2015, (Doc. 9), and February 18, 2016, (Doc. 10). On November 9, 2015, the Court entered its standard briefing order requiring Plaintiff to submit a brief on the issues in his case within 40 days of receipt of the order. (Doc. 9). On February 18, 2016, some 101 days after the briefing order, Plaintiff still had not submitted a brief in this case. Subsequently, the Court ordered that Plaintiff submit his brief by March 3, 2016, or show good cause for his failure to prosecute his case. The Court cautioned Plaintiff that failure to comply with that order could result in the recommendation of dismissal. (Doc. 10).

Since then, Plaintiff has not submitted a brief or offered good cause for his failure to do so. Plaintiff has demonstrated a manifest lack of interest in litigating his claims by failing to comply with the Court's orders, the local rules, or Federal Rule of Civil Procedure 41(b), which provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)

1

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

Therefore, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for want of prosecution.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

**SO ORDERED.**

Dated March 14, 2016.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**